**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEROY ROBINSON and JAY DINO,** | : | **CIVIL ACTION NO. 1:02-CV-1124** |
| | : | |
| **Plaintiffs** | : | **(CLASS ACTION)** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **PENNSYLVANIA STATE CORRECTIONS OFFICERS ASSOCIATION, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 23rd day of May, 2005, upon consideration of plaintiffs' motion to strike (Doc. 93) defendants' offer of judgment, and it appearing that the offer of judgment was served upon counsel for plaintiffs by hand delivery on May 5, 2005 (Docs. 85, 93 ¶ 3), see FED. R. CIV. P. 5(b)(2)(A), that counsel for plaintiffs did not serve written notice of acceptance of the offer, see id. 68 (providing that offer of judgment may be accepted by written notice "within ten days after the service of the offer"), and that the offer of judgment was deemed withdrawn as of May 20, 2005, see id. ("An offer not accepted shall be deemed withdrawn . . . ."); see also id. 6(a), (e), it is hereby ORDERED that the motion to strike (Doc. 93) is DENIED as

moot without prejudice to plaintiffs' right to object to the post-judgment assessment of costs against plaintiffs pursuant to Federal Rule of Civil Procedure 68.[1]

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[1] The thorny legal issue underlying the motion, that "a Rule 68 offer of judgment conflicts with the [provisions] of Rule 23(e) [governing] class action settlements," has been recognized—but not resolved—by the Court of Appeals for the Third Circuit. See Weiss v. Regal Collections, 385 F.3d 337, 344 n.12 (3d Cir. 2004) ("Courts have wrestled with the application of Rule 68 in the class action context, noting [that] Rule 68 offers to individual named plaintiffs undercut close court supervision of class action settlements, create conflicts of interests for named plaintiffs, and encourage premature class certification motions."). Should resolution of the issue become necessary following entry of judgment in this case, the parties should expect to present supplemental briefs and argument on the interplay between Rules 23 and 68 in certified class action cases involving requests for declaratory and injunctive relief. See generally Marek v. Chesny, 473 U.S. 1, 35 n.49 (1985) (Brennan, J., dissenting); Weiss, 385 F.3d at 344 n.12; Spencer v. Gen. Elec. Co., 894 F.2d 651, 661 (4th Cir. 1990); Gay v. Waiters' & Dairy Lunchmen's Union, 86 F.R.D. 500, 502-03 (N.D. Cal. 1980); Comm. on Rules of Practice & Procedure of the Judicial Conf. of the U.S., Proposed Court Rules, 102 F.R.D. 407 (1984); 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 3001.1, 3006.1 (2d ed. 1997); Lesley S. Bonney, Robert J. Tribeck, & James S. Wrona, Rule 68: Awakening a Sleeping Giant, 65 GEO. WASH. L. REV. 379 (1997); Roy D. Simon, Jr., The Riddle of Rule 68, 54 GEO. WASH. L. REV. 1 (1985); Thomas L. Cubbage III, Note, Federal Rule 68 Offers of Judgment and Equitable Relief: Where Angels Fear To Tread, 70 TEX. L. REV. 465 (1991).