**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEROY ROBINSON and JAY DINO,** | : | **CIVIL ACTION NO. 1:02-CV-1124** |
| | : | |
| **Plaintiffs** | : | **(CLASS ACTION)** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **PENNSYLVANIA STATE** | : | |
| **CORRECTIONS OFFICERS** | : | |
| **ASSOCIATION, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is the proposed class settlement (Doc. 98, Ex. 1), a joint motion for settlement approval (Doc. 110), and a motion for attorneys' fees and costs (Doc. 107), filed by counsel for plaintiffs, Attorneys Frank P. Clark and Debra K. Wallet.  Because the court finds that the proposed class settlement is fair, reasonable, and adequate, it will approve the settlement.  Likewise, the court will grant counsel's motion for reasonable attorneys' fees and costs.

**I.    <u>Proposed Class Settlement</u>**

The parties submitted a proposed class settlement in July 2005 (Doc. 98, Ex. 1), which the court preliminarily approved (Doc. 100).  In a class action,[1] the parties may not settle absent court approval.  See Fed. R. Civ. P. 23(e)(1).  Before

---

[1] The court certified the class in November 2002 (<u>see</u> Doc. 16) and amended the class definition, pursuant to a joint proposal by the parties, in August 2005 (<u>see</u> Doc. 100).

approving a class settlement, the court must conduct a hearing[2] and find that the

settlement is "fair, reasonable, and adequate."  <u>See</u> FED. R. CIV. P. 23(e)(1)(C).  The

Court of Appeals for the Third Circuit has set forth nine factors—the <u>Girsh</u>

factors—to be considered when making such a determination:  "(1) the complexity,

expense, and likely duration of the litigation; (2) the reaction of the class to the

settlement; (3) the stage of the proceedings and the amount of discovery completed;

(4) the risks of establishing liability; (5) the risks of establishing damages; (6) the

risks of maintaining the class action through the trial; (7) the ability of the

defendants to withstand a greater judgment; (8) the range of reasonableness of the

settlement fund in light of the best possible recovery; and (9) the range of

reasonableness of the settlement fund to a possible recovery in light of all the

attendant risks of litigation."  <u>In re Warfarin Sodium Antitrust Litig.</u>, 391 F.3d 516,

534-35  (3d Cir. 2004) (citing <u>Girsh v. Jepson</u>, 521 F.2d 153, 157 (3d Cir. 1975)).

In the matter *sub judice*, an analysis under the <u>Girsh</u> factors leads to the

conclusion that the proposed class settlement is fair, reasonable, and adequate.

There is an initial presumption of fairness because the settlement, to which no class

members objected, was reached after sufficient discovery and after arms-length

negotiations by attorneys experienced in similar litigation.  <u>See</u> <u>In re Warfarin</u>, 391

F.3d at 535.

---

[2] The hearing on the proposed class settlement was held today.

This case has gone on for nearly three and a half years and the parties have expended significant sums of money.  Avoiding the unnecessary expense and time required to litigate this case through trial, post-trial motions, and likely appeals is clearly beneficial to all parties.  Thus, the first <u>Girsh</u> factor—the complexity, expense, and likely duration of the litigation—weighs in favor of the proposed class settlement.

No class members filed written objections to the proposed settlement or raised objections during the settlement hearing.[3]  <u>See</u> <u>In re Linerboard Antitrust Litig.</u>, 296 F. Supp. 2d 568, 578 (E.D. Pa. 2003) ("[T]his unanimous approval of the proposed settlement[] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement." (citations omitted)).  Hence, the second <u>Girsh</u> factor—the reaction of the class to the settlement—clearly weighs in favor of the proposed class settlement.

The parties have had an opportunity to conduct extensive discovery and settlement discussions.  Given the partial summary judgments granted in favor of

---

[3] The court finds that the notice to class members was adequate under the Federal Rules of Civil Procedure.  <u>See</u> FED. R. CIV. P. 23.  As directed by the court, the notice of the proposed class settlement, of the settlement hearing, and the pending motion for attorneys' fees and costs was delivered to each class member by first class mail, address correction requested, to the last known address of each class member as shown on the records of the Pennsylvania State Corrections Officers Association ("PSCOA"), together with a statement showing the amount proposed to be paid to the affected class member under the recognized claim formula.  (<u>See</u> Docs. 100, 102, 106; <u>see also</u> Doc. 110, Ex. 1.)

plaintiffs,[4] both parties clearly understand the merits of the case.  This settlement was reached at a stage when all parties were fully informed of the strengths and weaknesses of their positions.  Accordingly, the third <u>Girsh</u> factor—the stage of the proceedings and the amount of discovery completed—weighs in favor of the proposed class settlement.

Although the court, on two occasions, granted partial summary judgment in favor of plaintiffs,[5] the amount of damages would still need to be determined at trial.  Such a determination is a complicated process and likely would involve conflicting expert opinions.  The Pennsylvania State Corrections Officers Association ("PSCOA") disputes that plaintiffs were damaged by any wrongful conduct and, at trial, would dispute:  (1) the amount, if any, of fair share fee that it was required to refund; (2) the interest, if any, and the manner of calculating it; (3) the damages, if any, suffered by class members that should be assessed against PSCOA; (4) the punitive damages, if any, that should be assessed against PSCOA; and (5) the attorneys' fees and costs, if any, that should be paid by PSCOA.  Therefore, the fourth and fifth <u>Girsh</u> factors—the risks of establishing liability and damages—weigh in favor of the proposed class settlement.

---

[4] This court previously held that a fee assessed by PSCOA from December 2001 through mid-2003 was unconstitutional because advance notice was not provided to employees.  <u>See</u>  <u>Robinson v. Pa. State Corr. Officers Ass'n</u>, 299 F. Supp. 2d 425 (M.D. Pa. 2004).  It also held that the notice provided for the fee collected from mid-2003 to mid-2004 was inadequate as a matter of law.  <u>See</u> <u>Robinson v. Pa. State Corr. Officers Ass'n</u>, 363 F. Supp. 2d 751 (M.D. Pa. 2005).

[5] <u>See</u> <u>supra</u> note 4.

The court previously certified and defined a class in this case. (<u>See</u> Docs. 16, 100.) Class certification, however, is subject to review and modification at any time during the litigation. <u>See</u> FED. R. CIV. P. 23(c)(1)(C) ("An order [certifying and defining a class] may be altered or amended before final judgment."). Because the risk of decertification or modification of the class in this case is not significant at present, the sixth <u>Girsh</u> factor—the risks of maintaining the class action through the trial—does not favor the proposed class settlement.

Although PSCOA may be able to withstand a greater judgment, the proposed settlement offers class members a complete refund of fair share fees retained by PSCOA when no notice was given. It also offers a refund for any amount retained by PSCOA in excess of the reasonably calculated fair share fee when the notice given was inadequate. Class members will also receive interest on these amounts and nominal damages. Given the difficulties of proving damages at trial, this settlement is reasonable in light of the best possible recovery and attendant risks of litigation. Thus, the seventh, eighth, and ninth <u>Girsh</u> factors—the ability of the defendants to withstand a greater judgment and the range of reasonableness of the settlement fund in light of the best possible recovery and of all the attendant risks of litigation—weigh in favor of the proposed class settlement.

In the matter *sub judice*, considering the nine <u>Girsh</u> factors, the court finds that the proposed class settlement is fair, reasonable, and adequate. Thus, the court will approve the settlement.

## II.   Motion for Attorneys' Fees and Costs

Attorneys Frank P. Clark and Debra K. Wallet filed a motion for attorneys'

fees and costs (Doc. 107), with a detailed accounting of the fees and costs, in

accordance with the proposed class settlement.  (See Doc. 98, Ex. 1 ¶ 7.)  The court

may award reasonable attorneys' fees and costs to class counsel.[6]  See FED. R. CIV.

P. 23(h).  A prevailing party in a civil rights action is entitled to an award of

attorneys' fees pursuant to 42 U.S.C. § 1988.  See Truesdell v. Philadelphia Housing

Authority, 290 F.3d 159, 163 (3d Cir. 2002).  The lodestar method, which requires

multiplying the number of hours reasonably expended by a reasonable hourly rate,

is the appropriate method of calculating the fee in a civil rights case.  See

Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).

In the matter *sub judice*, plaintiffs commenced a civil rights action pursuant

to 42 U.S.C. § 1983.  (See Doc. 5.)  Plaintiffs prevailed in two motions for partial

summary judgment.[7]  In addition, the proposed settlement provides plaintiffs with a

substantial part of the relief sought, including refunds, with interest, and nominal

damages.  Therefore, the court finds that plaintiffs are a "prevailing party" and

entitled to an award of fees under 42 U.S.C. § 1988.

To determine the fees to be awarded using the lodestar method, the court

must "multiply[] the hours reasonably expended by a reasonable hourly rate."

---

[6] Attorneys Clark and Wallet were appointed class counsel pursuant to
Federal Rule of Civil Procedure 23(c)(1)(B), (g).  (See Doc. 92.)

[7] See supra note 4.

Maldonado, 256 F.3d at 184.  Attorneys Clark and Wallet submitted detailed records of the hours for their services performed on this case.[8]  (See Doc. 107, Exs. 1-2.)  The court finds that the hours submitted—662.7 for Attorney Clark and 459.6 for Attorney Wallet—were reasonably spent, appropriate, and necessary to obtain the substantial recovery for the class members in this complex class action spanning a period of nearly three and a half years.

Given the affidavits in support of the requested hourly rate, including those from other practicing attorneys with similar skill and experience (see Doc. 107, Exs. 1-5), the court finds that the prevailing market rate for this specialized kind of civil rights litigation, by attorneys of equivalent skill and experience, is $300 per hour.  See Maldonado, 256 F.3d at 184; Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).

With Attorney Clark's nearly twenty-five years of experience, including extensive litigation experience, much of it in the civil rights area, and Attorney Wallet's nearly thirty years of legal experience in complex employment litigation, the court finds that $300 per hour is a reasonable hourly rate for the services performed by Attorneys Clark and Wallet on this case.[9]  Accordingly, the court will

---

[8] The court notes that there were no objections from any class members or defendants to the hours submitted by Attorneys Clark and Wallet.

[9] The court notes that there were no objections from any class members or defendants to the $300 hourly rate proposed by Attorneys Clark and Wallet.

grant the motion for attorneys' fees and costs and will direct PSCOA[10] to pay

attorneys' fees to Attorney Clark in the amount of $198,810 and Attorney Wallet in

the amount of $137,880.[11]

## III.   <u>Conclusion</u>

The court will approve the proposed class settlement as fair, reasonable, and

adequate.  Likewise, the court will grant counsel's motion for attorneys' fees and

costs as plaintiffs are a prevailing party and the requested hours, hourly rate, and

costs are reasonable in this case.

An appropriate order will issue.


   <u>/s/ Christopher C. Conner</u>
CHRISTOPHER C. CONNER
United States District Judge

Date:     December 14, 2005

---

[10] The proposed class settlement specifies that defendant PSCOA shall pay the attorneys' fees and costs, up to a maximum amount of $350,000.  (Doc. 98, Ex. 1 ¶ 7.)

[11] The court also finds that the costs requested by Attorneys Clark and Wallet are reasonable in this case and will direct PSCOA to pay these costs in the amount of $13,535.96.  (<u>See</u> Doc. 107, Ex. 6.)  The court notes that there were no objections from any class members or defendants to the costs requested by Attorneys Clark and Wallet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEROY ROBINSON and JAY DINO, | : | CIVIL ACTION NO. 1:02-CV-1124 |
| | : | |
| Plaintiffs | : | (CLASS ACTION) |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| PENNSYLVANIA STATE | : | |
| CORRECTIONS OFFICERS | : | |
| ASSOCIATION, et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 14th day of December, 2005, upon consideration of the

proposed class settlement (Doc. 98, Ex. 1), the joint motion for settlement approval

(Doc. 110), and the motion for attorneys' fees and costs (Doc. 107), filed by counsel

for plaintiffs, Attorneys Debra K. Wallet and Frank P. Clark, and for the reasons set

forth in the accompanying memorandum, it is hereby ORDERED that:

1. The joint motion for settlement approval (Doc. 110) is GRANTED and the proposed class settlement (Doc. 98, Ex. 1) is APPROVED as fair, reasonable, and adequate.  The parties are directed to consummate the settlement agreement in accordance with its terms.

2. The motion for attorneys' fees and costs (Doc. 107) is GRANTED.

    a.   Defendant Pennsylvania State Corrections Officers Association shall pay Attorney Frank P. Clark reasonable attorney's fees in the amount of $198,810.00.

    b.   Defendant Pennsylvania State Corrections Officers Association shall pay Attorney Debra K. Wallet reasonable attorney's fees in the amount of $137,880.00.

       c.     Defendant Pennsylvania State Corrections Officers Association shall pay reasonable costs into the Trust Account of Attorney Debra K. Wallet in the amount of $13,535.96.

3.     The above-captioned case is DISMISSED with prejudice.

4.     The Clerk of Court is directed to CLOSE this case.

5.     The court retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the settlement agreement.


      /s/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge